## In re FUJITSU LIMITED and Fujitsu Network Communications, Inc., Petitioners.

### No. 2014–155.

United States Court of Appeals, Federal Circuit.

Oct. 7, 2014.

James C. Brooks, Orrick, Herrington & Sutcliffe LLP, Los Angeles, CA, David E. Wang, Orrick, Herrington & Sutcliffe LLP, Menlo Park, CA, for Petitioners.

Before PROST, Chief Judge, DYK and MOORE, Circuit Judges.

### ON PETITION

### ORDER

PROST, Chief Judge.

Fujitsu Limited and Fujitsu Network Communications, Inc. (petitioners) petition for a writ of mandamus to direct the United States District Court for the Northern District of Illinois to vacate its orders compelling production of certain documents.

In seeking a writ of mandamus, petitioners must establish a "clear and indisputable" right to relief and that they "lack adequate alternative means to obtain the relief" they seek. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (internal citations omitted). And, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 381, 124 S.Ct. 2576.

That standard has not been met here. The Supreme Court has held that issues concerning requests to compel documents can be raised on timely appeal to this court from a final district court decision. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) ("postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege"). That holding applies to the circumstances of this case. We also deny petitioners' alternative request that we direct the district court to enter an opinion "that provides guidance to the parties as to the scope of the 2014 Orders" because that request also does not meet the standard for granting mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for mandamus is denied.